```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
RONNIE STEVEN CEBALLOS,                         :

                        Petitioner,             :

        -against-                               :     **REPORT AND RECOMMENDATION**

UNITED STATES OF AMERICA,                       :     14-CV-2492 (PAC)(KNF)

                        Respondent.             :
------------------------------------------------------X
```

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE PAUL A. CROTTY, UNITED STATES DISTRICT JUDGE

*Petition*

Ronnie Steven Ceballos ("Ceballos"), proceeding pro se, petitioned for a writ of error coram nobis. He alleges that he was arrested based on the February 21, 1990 criminal complaint filed by Michael E. Dressler, a special agent with the Federal Bureau of Investigation. The complaint charged the defendant, John Doe, with four counts of juvenile delinquency, in violation of the Juvenile Delinquency Act. Ceballos contends that he was indicted, convicted and sentenced as an adult, on June 7, 1991, to sixty months imprisonment and five years supervised release. Ceballos completed his incarceration term on April 27, 1995, and his supervised release expired on April 26, 1998. Ceballos asserts that, in January 2012, while he was investigating his prior conviction, "as a hands on project in his paralegal study course," he learned that his rights as a juvenile, "under title 18 United States Code § 5301 & § 5302 had been violated." He contends that the United States attorney for the Southern District of New York, at the time, Otto G. Obermaier ("Obermaier"),"never requested nor received written authorization in any form from the United States Attorney General nor th[rough] his delegates

the Assistant Attorney General in charge of the Criminal Division, nor the Deputy Assistant United States Attorney General to certify the juvenile delinquent." Ceballos asserts that "the authorization to transfer the defendant signed by any of these three individuals does not exist." He maintains that "[t]he lack of these two authorizations means that not only was a fraudulent act committed against the juvenile and the court, the court lacked jurisdiction to adjudicate the defendant a Juvenile in federal court." According to Ceballos, the "lack of jurisdiction renders his indictment, conviction and sentence as an adult illegal and should be vacated." Ceballos asserts that, due to his incarceration, it took him 23 months to gather relevant documents through his numerous Freedom of Information Act ("FOIA") requests. Ceballos asserts that the government concedes "that these documents do not exist," authorizing Obermaier's "certification and transfer authority that would have given the previous court jurisdiction." Ceballos contends that, on March 7, 2007, he was sentenced as a career offender to 180 months imprisonment, based on the United States Sentencing Commission's sentencing guidelines, "due to the fact that this illegal conviction was used to propel the defendant from 63 months to 180 months."

***Respondent's Contentions***

The respondent contends that "a legally sufficient certification was filed in support of the Government's motion to transfer Petitioner to adult status, a motion granted only after the court considered the materials filed by both the Government and defense counsel and after a full hearing on the motion." The respondent asserts:

> Pursuant to 28 C.F.R. § 0.57, "the Assistant Attorney General in charge of the Criminal Division and his Deputy Assistant Attorneys General are each authorized to exercise the power and authority vested in the Attorney General," by 18 U.S.C. § 5032. 28 C.F.R. § 0.57 (1990). The Assistant Attorney General in charge of the Criminal Division is further "authorized to redelegate any function delegated to him

2

>under this section to the United States Attorneys . . . ." Id. On March 12, 1985, the Assistant Attorney General in charge of the Criminal Division issued a memorandum delegating to United States Attorneys his authority pursuant to 18 U.S.C. § 5032 and 28 C.F.R. § 0.57.

According to the respondent, Obermaier "certified to the court that the 'armed bank robbery' offenses with which Petitioner was charged 'are offenses described in Title 18, United States Code, Section 2113(a) and (d) and that there is a substantial Federal interest in this case and the offense to warrant the exercise of Federal jurisdiction.'" The respondent maintains that Obermaier's certification "was not only properly filed with the court but satisfied the requirements of the Juvenile Delinquency Act," and no error occurred warranting the issuance of a writ.

Moreover, the petitioner has not demonstrated that sound reasons exist for his failure to seek relief earlier, given that "almost twenty-four years have passed since Petitioner was transferred to adult status." The respondent contends that, at the time the motion to transfer was filed, the petitioner was represented by counsel "who was, presumably, present at the hearing at which the Court considered the motion," and who "should have known about any potential claim he might have had at the time the motion was granted." The respondent asserts that the petitioner's failure to investigate any such claim for more than twenty years is not sufficient justification for the delay in seeking relief.

The respondent contends that the petitioner failed to articulate continuing legal consequences suffered as a result of his conviction because he "would have been adjudicated a career offender under the Guidelines at the time of his 2007 sentencing, even absent his 1990 conviction for armed bank robbery. Thus, the sentence he is currently serving cannot be said to [be] the result of his 1990 conviction, nor can Petitioner be said to be suffering continuing legal

3

consequences as a result of that conviction." The respondent asserts that, prior to the petitioner's 2007 sentence, he "had two prior convictions for crimes of violence above and beyond the 1990 conviction for armed bank robbery at issue in the instant case; accordingly, he satisfied the requirements for a career offender under the Sentencing Guidelines, even absent the 1990 conviction." Specifically, the respondent makes citation to "United States v. Ceballos, No. 92 Cr. 52 (ELW) (E.D. Va)," in which the petitioner was convicted, in 1992, for assaulting a federal officer, and "United States v. Ceballos, No. 97 Cr. 592 (DLC) (S.D.N.Y.)," in which the petitioner was convicted, in 1999, for armed bank robbery.

The respondent's exhibits include a Certification of the United States attorney, dated March 1, 1990, stating:

> Pursuant to the authority delegated by order of the Attorney General of the United States, No. 579-74, dated October 15, 1974, 28 C.F.R. § 0.57, and Memorandum to United States Attorneys, dated March 12, 1985, and after due investigation, OTTO G. OBERMAIER, United States Attorney for the Southern District of New York, hereby certifies that the offenses charged against John Doe in the Juvenile Information filed in the United States District Court for the Southern District of New York, to wit, armed bank robbery, are offenses described in Title 18, United States Code, Sections 2113(a) and (d) and that there is substantial Federal interest in this case and the offense to warrant the exercise of Federal jurisdiction. 18 U.S.C. § 5032 ¶ 1(3).

On March 6, 1990, Obermaier made a motion, pursuant to 18 U.S.C. § 5032, to transfer the defendant to adult status to permit prosecution by criminal indictment. On November 21, 1990, the district court granted the motion.

*Reply*

Ceballos contends that the government "did not properly file the required certification" when "it assumed that it had automatic authority to do so based on a memorandum dated March 12, 1985 from the assistant attorney general in charge of the criminal division." He maintains

4

that "this memo was written and sent directly to the United States Attorney for the Southern District of New York, for only he knows what this memo actually looks like," and in "the few case[s] where this authorization memo is mentioned the actual memo is not seen nor read, but [it] is cited off of the first case that it appeared in." Ceballos asserts that the government, "from its original arrest of the juvenile deni[e]d . . . the state of New York any opportunity with the petitioner," and no evidence exists showing that the state ceded custody and jurisdiction over the juvenile to the federal government, which "voids the government certification of the juvenile." Furthermore, the government's federal interest claim in the certification is also invalid because bank robbery "was not intended by [C]ongress to be included among [the crimes] which would precipitate jurisdiction over the juvenile," and a "bank robbery does not qualify as having substantial federal interest when committed by a juvenile." Ceballos contends he was not aware of the issues he raises now because he "was a seventeen year old teenager who knew nothing about the law and had full faith in his public defender who also didn't know about these errors." Ceballos asserts that he filed his petition five months after he had seen the certification for the first time, following the lengthy FOIA requests process. According to Ceballos, the issue of when the state refused his custody as a juvenile still remains.

Ceballos asserts that he articulated continuing legal consequences suffered as a result of his 1990 conviction because

> without the illegal prosecution, conviction and sentence of the petitioner due to the government[']s lack of jurisdiction over the juvenile, the result would be a petitioner who was a juvenile who[se] constitutional rights were then violated then [sic] prosecuted for an offence [sic] committed in an adult federal prison while still a juvenile[.] . . . [T]he plaintiff [is] a juvenile incarcerated in an ADULT first violation, FEDERAL second violation prison. This total and comple[]te violation of the juvenile['s] constitutional rights would automatically result in the vacating of the petitioner[']s 1992 prosecution, conviction, and sentence thus nullifying the 4B.1 portion of the plaintiff[']s sentence since he would only have the 1997 felony as the

5

>underlying offense. [T]he government[']s contention that the petitioner would still be a car[e]er offender absent his 1990 conviction is wrong and thus this point [o]f their [sic] argument is also [moot].

Ceballos contends that he "has already been incarcerated 15 months, that [is] 532 days to date as . . . of 12/22/14 . . . over the maximum of the plaintiff[']s guid[e]line range for his offence [sic] 87 months[,] and he will continue to suffer another 55 months of incarceration because of his 1990 conviction."

***Error Coram Nobis Legal Standard***

>A district court may issue a writ of error coram nobis pursuant to the All Writs Act, 28 U.S.C. § 1651(a), where "extraordinary circumstances are present." The proceedings leading to the petitioner's conviction are presumed to be correct, and "the burden rests on the accused to show otherwise." A petitioner seeking such relief must demonstrate that 1) there are "'circumstances compelling such action to achieve justice,'" 2) sound reasons exist [ ] for failure to seek appropriate earlier relief, and 3) the petitioner "continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." . . . A district court considering the timeliness of a petition for a writ of error coram nobis must decide the issue in light of the circumstances of the individual case.

>Foont v. United States, 93 F.3d 76, 78-79 (2d Cir. 1996) (internal citations omitted).

***Application of Error Coram Nobis Legal Standard***

<u>Whether Circumstances Compel Granting Relief to Achieve Justice</u>

>A juvenile alleged to have committed an act of juvenile delinquency, other than a violation of law committed within the special maritime and territorial jurisdiction of the United States for which the maximum authorized term of imprisonment does not exceed six months, shall not be proceeded against in any court of the United States unless the Attorney General, after investigation, certifies to the appropriate district court of the United States that (1) the juvenile court or other appropriate court of a State does not have jurisdiction or refuses to assume jurisdiction over said juvenile with respect to such alleged act of juvenile delinquency, (2) the State does not have available programs and services adequate for the needs of juveniles, or (3) the offense charged is a crime of violence that is a felony . . . and that there is a substantial Federal interest in the case or the offense to warrant the exercise of Federal Jurisdiction. If the Attorney General does not so certify, such juvenile shall

>be surrendered to the appropriate legal authorities of such State. . . . A juvenile who is alleged to have committed an act of juvenile delinquency and who is not surrendered to State authorities shall be proceeded against under this chapter unless he has requested in writing upon advice of counsel to be proceeded against as an adult, except that, with respect to a juvenile fifteen years and older alleged to have committed an act after his fifteenth birthday which if committed by an adult would be a felony that is a crime of violence . . . , criminal prosecution on the basis of the alleged act may be begun by motion to transfer of the Attorney General in the appropriate district court of the United States, if such court finds, after hearing, such transfer would be in the interest of justice.

18 U.S.C. § 5032 (1990).

>The Assistant Attorney General in charge of the Criminal Division and his Deputy Assistant Attorneys General are each authorized to exercise the power and authority vested in the Attorney General by sections 5032 and 5036 of Title 18, United States Code, relating to criminal proceedings against juveniles. The Assistant Attorney General in charge of the Criminal Division is authorized to redelegate any function delegated to him under this section to United States Attorneys and to the Chief of the Section within the Criminal Division which supervises the implementation of the Juvenile Justice and Delinquency Prevention Act.

28 C.F.R. § 0.57 (1990).

"[P]roper certification confers jurisdiction upon the district court." United States v. Wong, 40 F.3d 1347, 1363 (2d Cir. 1994); see also United States v. IMM, 747 F.3d 754, 762 (9th Cir. 2014) ("Certification is a jurisdictional requirement."); United States v. Vargas-De Jesus, 618 F.3d 59, 64 (1st Cir. 2010) ("Other courts of appeals have uniformly held that the certification requirement of 18 U.S.C. § 5032 is a prerequisite to a district court's subject matter jurisdiction," and "[w]e agree that the certification requirement is jurisdictional.").

The March 12, 1985 memorandum, on which Obermaier relied for his authority to make his certification and the motion to transfer Ceballos to adult status, was not submitted on the motion. Ceballos is correct that the March 12, 1985 memorandum is only referenced in a handful of cases. See United States v. Angelo D., 88 F.3d 856, 859 (10th Cir. 1996) ("The

7

Assistant Attorney General of the Criminal Division of the United States Department of Justice issues a Memorandum on March 12, 1985, delegating 'to the United States Attorneys the authority of the Assistant Attorney General in charge of the Criminal Division pursuant to 18 U.S.C. 5032, 5036, and 28 C.F.R. [§] 0.57.'"); United States v. F.S.J., 265 F.3d 764, 767 n.1 (9th Cir. 2001) ("The Assistant Attorney General of the Criminal Division issued a Memorandum on March 12, 1985, delegating 'to United States Attorneys the authority of the Assistant Attorney General in charge of the Criminal Division pursuant to 18 U.S.C. [§] 5032 . . . and 28 C.F.R. [§] 0.57.'").

On March 26, 2015, the Court directed the respondent to submit to it a copy of the March 12, 1985 memorandum. On April 10, 2015, the respondent's attorney informed the Court that "[t]he Government has made extensive efforts to locate a copy of the March 12, 1985 memorandum referenced in the Certification of the United States Attorney submitted to the [district court] in connection with the 1990 prosecution of the Petitioner for bank robbery. Unfortunately, despite these efforts, the Government has not to date been able to locate a copy of the memorandum." However, on April 21, 2015, the respondent informed the Court that it "has since located a copy of the 1985 Memorandum." The text of the March 12, 1985 memorandum, included in this Report and Recommendation as an Appendix, is reproduced below due to the very poor quality of the copy submitted by the respondent:

8

|  | U.S. Department of Justice |
|---|---|
|  | Criminal Division |
| *Office of the Assistant Attorney General* | Washington D.C. 20530 |

MEMORANDUM                                                                                       MAR 12 1985

TO:             All United States Attorneys

FROM:        Stephen S. Trott
                    Assistant Attorney General
                    Criminal Division

SUBJECT:   Federal Juvenile Delinquency Act,
                    1984 Amendments*

1. <u>Purpose</u>. This order redelegates to United States Attorneys the authority of the Assistant Attorney General in charge of the Criminal Division pursuant to 18 U.S.C. 5032, 5036, and 28 C.F.R. 0.57 to:
   (1) prosecute juveniles for acts of juvenile delinquency (including proceeding by information);
   (2) certify to the appropriate district court of the United States that:
      (a) the juvenile court or other appropriate court of a state does not have jurisdiction or refuses to assume jurisdiction over a juvenile alleged to have committed an act of juvenile delinquency;
      (b) the state does not have available programs and services adequate for the needs for juveniles; or
      (c) the offense charged is a crime of violence that is a felony or an offense described in section 841, 952(A), 955, or 959 of title 21, and that there is a substantial federal interest in the case or the offense to warrant the exercise of federal jurisdiction; and,
   (3) make the proper showing to the court in the event a juvenile delinquent is not brought to trial within 30 days from the date detention began.
2. <u>Scope</u>. This order applies to all United States Attorneys.
3. <u>Authority</u>. This order is authorized by 28 C.F.R. 0.57.
4. This order is effective as of October 12, 1984.

_____
* This memorandum cancels Memoranda Nos. [illegible] (Revised), to all United States Attorneys dated October 30, 1974, March 20, 1975, and April 1, 1975, respectively, subject: Federal Juvenile Delinquency Act, 1974 Amendments.

The March 12, 1985 memorandum, together with 28 C.F.R. § 0.57, demonstrates that Obermaier had the authority to make his certification and the motion to transfer Ceballos to adult status.  The Court finds that the 1990 delinquency proceeding in the district court related to Ceballos was conducted in accordance with the law.  Since Obermaier's certification was proper, jurisdiction was conferred on the district court handling the delinquency proceeding.  See Wong, 40 F.3d at 1363.  Ceballos failed to establish the first requirement for granting the writ of error coram nobis, namely, that the circumstances of his case compel granting relief to achieve justice.  Accordingly, Ceballos did not meet his burden.

APPENDIX ATTACHED

RECOMMENDATION

For the foregoing reasons, I recommend that the petition be denied.

**FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Paul A. Crotty, 500 Pearl Street, Room 1350, New York, New York, 10007, and to the chambers of the undersigned, 40 Centre Street, Room 425, New York, New York, 10007.  Any requests for an extension of time for filing objections must be directed to Judge Crotty.  ***Failure to file objections within fourteen (14) days will result in a waiver of objections and will preclude***

*appellate review.* See <u>Thomas v. Arn</u>, 474 U.S. 140, 106 S. Ct. 466 (1985); <u>Cephas v. Nash</u>, 328 F.3d 98, 107 (2d Cir. 2003).

Dated: New York, New York  
       July 2, 2015

Respectfully submitted,

*/s/ Kevin Nathaniel Fox*  
KEVIN NATHANIEL FOX  
UNITED STATES MAGISTRATE JUDGE

# APPENDIX



U.S. Department of Justice

Criminal Division

Office of the Assistant Attorney General                    Washington, D.C. 20530

MAR 12 1985

**MEMORANDUM**

TO:         All United States Attorneys

FROM:       Stephen S. Trott
            Assistant Attorney General
            Criminal Division

SUBJECT:    Federal Juvenile Delinquency Act,
            1984 Amendments*

1. **Purpose.** This order redelegates to United States Attorneys the authority of the Assistant Attorney General in charge of the Criminal Division pursuant to 18 U.S.C. 5032, 5036, and 28 C.F.R. 0.57 to:

  (1) prosecute juveniles for acts of juvenile delinquency (including proceeding by information);

  (2) certify to the appropriate district court of the United States that:

    (a) the juvenile court or other appropriate court of a state does not have jurisdiction or refuses to assume jurisdiction over a juvenile alleged to have committed an act of juvenile delinquency;

    (b) the state does not have available programs and services adequate for the needs for juveniles; or

---

* This memorandum cancels Memoranda Nos. 601, 602 and 603 (Revised), to all United States Attorneys dated October 30, 1974, March 20, 1975, and April 1, 1975, respectively, subject: Federal Juvenile Delinquency Act, 1974 Amendments.

-2-

    (c)   the offense charged is a crime of violence that is a felony or an offense described in section 841, 952(a), 955, or 959 of title 21, and that there is a substantial federal interest in the case or the offense to warrant the exercise of federal jurisdiction;

and,

    (3)  make the proper showing to the court in the event a juvenile delinquent is not brought to trial within 30 days from the date detention began.

2.  <u>Scope</u>.  This order applies to all United States Attorneys.

3.  <u>Authority</u>.  This order is authorized by 28 C.F.R. 0.57.

4.  This order is effective as of October 12, 1984.