USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______
DATE FILED: 10-9-15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RONNIE STEVEN CEBALLOS,

*Petitioner,*

*-against-*

UNITED STATES OF AMERICA,

*Respondent.*

14 Civ. 2492 (PAC) (KNF)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

HONORABLE PAUL A. CROTTY, United States District Judge:

*Pro se* Plaintiff Ronnie Steven Ceballos moves for a writ of error *coram nobis*, seeking vacatur of his 1990 indictment, conviction, and sentence because he alleges that the United States Attorney for the Southern District of New York at the time of his indictment "never requested nor received written authorization in any form . . . to certify the juvenile defendant." Dkt. 1 at 1. The Government opposes the petition.

On July 2, 2015, Magistrate Judge Kevin Nathaniel Fox issued a Report and Recommendation ("R & R") recommending that the petition be denied because Ceballos has not demonstrated that he is entitled to *coram nobis* relief. R & R at 10.

## BACKGROUND

On February 22, 1990, when he was seventeen, Ceballos was arrested and charged with committing acts of juvenile delinquency in violation of the Juvenile Delinquency Act, 18 U.S.C. §§ 5031-5042. *See* Gov. Opp. Ex. 1, ¶¶ 3, 14. On March 1, 1990, he was charged in a Juvenile Information with the commission of four armed bank robberies during January 1990. *Id.* ¶ 5. On March 6, 1990, the Government moved to transfer Ceballos to adult status and for leave to

proceed against Ceballos by criminal indictment. *Id.* at 1. At that time, the Government filed a certification from then-U.S. Attorney Otto G. Obermaier, certifying that the offenses with which Ceballos was charged were violations of federal law and that a substantial federal interest was involved. *Id.* at 20-21. The Honorable Mary Johnson Lowe granted the motion to transfer after conducting a hearing on the matter. *See id.* Ex. 3.

Petitioner pled guilty to all charges on November 29, 1990, after he waived indictment and was charged in an information with six counts of armed bank robbery. *Id.* at Ex. D, Ex. E, Ex. F. He was later sentenced to sixty months' imprisonment, a term of supervised release, and restitution. Ex. F, Ex. G. On March 7, 2007, in a separate suit, Ceballos was sentenced as a career offender to 180 months' imprisonment. Ex. I.

Magistrate Judge Fox's R & R recommended that the petition be denied because Ceballos has not demonstrated any entitlement to *coram nobis* relief. Specifically, Magistrate Judge Fox found that the Government demonstrated that the certification submitted in support of the motion to transfer Ceballos to adult status complied with the statute and properly conferred jurisdiction on the District Court handling the proceeding. *Id.* On July 27, 2015, Ceballos filed objections to the R & R, and the Government responded on August 18, 2015. Dkt. 22, 25.

## DISCUSSION

### I. Applicable Law

A court reviewing a report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court reviews *de novo* those issues to which any party files timely written objections. *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010).

A writ of error *coram nobis* is appropriate only under "extraordinary circumstances." *Foont v. U.S.*, 93 F.3d 76, 79 (2d Cir. 1996) (citations and internal quotation marks omitted). "[F]ederal courts are authorized to grant the ancient common law writ of error *coram nobis* under the terms of the All Writs Act, 28 U.S.C. § 1651(a)," *Fleming v. U.S.*, 146 F.3d 88, 89 (2d Cir. 1998), but *coram nobis* is only appropriate where "a defendant has served the entirety of the defendant's sentence pursuant to a federal conviction, and is no longer in custody pursuant to that conviction," *U.S. v. Viertel*, 2012 WL 1604712, at *1 (S.D.N.Y. May 8, 2012). An eligible petitioner is entitled to *coram nobis* relief where he can show that "1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate earlier relief, and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." *Fleming*, 146 F.3d at 90 (citations and internal quotation marks omitted).

Under the Juvenile Delinquency Act, 18 U.S.C. § 5031 *et seq.*, a juvenile may be prosecuted as an adult in federal court only if the Attorney General certifies that, *inter alia*, the offense "is a crime of violence that is a felony . . . and that there is a substantial Federal interest in the case or the offense to warrant the exercise of Federal jurisdiction." Pursuant to a March 12, 1985 memorandum, U.S. Attorneys were delegated the authority to make such certifications. *See* R & R at 9 (reproducing memorandum).

## II. Analysis

Ceballos's objections to the R & R assert (1) that the certification was defective because there was no documentation of an investigation by the U.S. Attorney, and (2) that there was no substantial federal interest involved in the crimes with which he was charged. *See* Dkt. 22.

Ceballos's first objection fails because there is no requirement that documentation of the investigation be included in the certification. *See* 18 U.S.C. § 5032 (1990).[1]

Ceballos's second objection is also rejected. Ceballos relies on a decision from the Eastern District of Virginia which found that "a single instance of ordinary bank robbery . . . does not rise to the level of a substantial federal interest." *U.S. v. Male Juvenile*, 844 F. Supp. 280, 283-84 (E.D. Va. 1994). That case is not binding on the Court, nor does that decision suggest that Ceballos's charged crimes, under a completely different set of factual circumstances, did not involve a substantial federal interest.

Moreover, "in reviewing a petition for the writ [of error *coram nobis*], a court must presume that the proceedings were correct, and the burden of showing otherwise rests on the petitioner." *U.S. v. Mandanici*, 205 F.3d 519, 524 (2d Cir. 2000). Ceballos has not demonstrated that the motion to transfer proceedings were improper.

The Government contends that the Court does not have authority to review the certification in light of existing case law from other courts within this district and the support of nine circuit courts. Gov. Objections at 2-3 (citing cases). The Court need not decide whether it has such authority, because Ceballos has not demonstrated that he is entitled to a writ of error *coram nobis* based on "circumstances compelling such action to achieve justice." Accordingly, the petition is denied.

[1] The Court acknowledges the Government's argument that Ceballos has improperly raised new arguments in his objections. Gov. Objections at 1-2. The Court considers these arguments on the merits in light of Ceballos's *pro se* status.

**CONCLUSION**

For the foregoing reasons, and upon consideration of Ceballos's objections, the Court adopts Magistrate Judge Fox's R & R. The motion for a writ of error *coram nobis* is denied. The Clerk of Court is directed to enter judgment and close this case.

Dated: New York, New York
October 9, 2015

SO ORDERED

PAUL A. CROTTY
United States District Judge

Copy Mailed By Chambers To:
Ronnie Steven Ceballos
29095-054
FCC-Fairton
A-R
P.O. Box 420
Fairton, NJ 08320